Filed 3/18/24  P. v. Davis CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>KENNETH LAMONT DAVIS,<br><br>Defendant and Appellant. | D082556<br><br><br>(Super. Ct. No. FVI700493-2) |


APPEAL from an order of the Superior Court of San Bernadino County, John P. Vander Feer, Judge.  Affirmed.

Kenneth Lamont Davis, in pro. per.; and Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Kenneth Lamont Davis appeals from the superior court's denial of his postconviction petition seeking resentencing pursuant to Penal Code[1] section 1172.6[2] following an evidentiary hearing. Appointed counsel filed a brief in accordance with the procedures outlined in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*), and Davis submitted a letter raising arguments for this court's consideration.

Finding no arguable issues, we affirm the superior court's order.

FACTUAL AND PROCEDURAL BACKGROUND

In 2011, a jury convicted Davis of multiple crimes committed in 2007: first degree murder of David Bruce Van Fleet (Pen. Code, § 187, subd. (a), count 1); first degree burglary (§ 459, count 2); and first degree robbery (§ 211, count 3). The jury also found Davis committed all three crimes with the knowledge that another principal was armed with a firearm (§ 12022, subd. (d)) and found true three special circumstances: "[t]he murder was intentional and carried out for financial gain" (§ 190.2, subd. (a)(1)); Davis "intentionally killed the victim by means of lying in wait" (§ 190.2, subd. (a)(15)); and "[t]he murder was committed while the defendant was engaged in, or was an accomplice in, the commission of, attempted commission of, or the immediate flight after committing, or attempting to commit . . . [r]obbery" (§ 190.2, subd. (a)(17)(A)).

---

[1]  All further statutory references are to the Penal Code.

[2]  Effective June 30, 2022, section 1170.95 was recodified without substantive change in section 1172.6, pursuant to Assembly Bill No. 200 (2021–2022 Reg. Sess.). (See Stats. 2022, ch. 58, § 10.) We refer to the current codification throughout this opinion.

2

Davis was sentenced to life without the possibility of parole plus a consecutive term of three years on count 1 for being vicariously armed with a firearm, and a consecutive term of six years on count 2. The court stayed the sentence on count 3 and the firearm enhancement as to counts 2 and 3. In an unpublished opinion (*People v. Davis* (March 28, 2013, D061059) [nonpub. opn.]), this court affirmed the conviction but modified the judgment to correct the sentence by striking the erroneous three-year sentencing enhancement and replacing it with the one-year penalty under section 12022, subdivision (a). The superior court resentenced Davis accordingly.

In March 2019, Davis filed a petition for resentencing under section 1172.6. After appointment of counsel and briefing by the parties, the court found Davis made a prima facie showing of eligibility and issued an order to show cause.

Following multiple continuances and additional briefing, an evidentiary hearing was ultimately held in May 2023. The People submitted the record of the underlying trial court proceedings, which was admitted into evidence. Defense counsel called developmental psychologist Dr. Elizabeth Cauffman , who testified regarding adolescent development. After admitting copies of Dr. Cauffman's power point slides into evidence and hearing counsels' arguments, the court took the matter under submission.

Three months later, the court delivered a detailed oral ruling denying the resentencing petition. The court found, beyond a reasonable doubt, that Davis was a major participant who acted with reckless disregard for human life. As an additional basis for its denial, it also determined that Davis was a direct aider and abettor of the murder. Davis filed a timely appeal.

Appellate counsel identified no arguable issues for reversal on appeal and asks this court to conduct an independent review of the record in

3

accordance with *Wende* and *Anders*.[3]  To assist the court in its review of the record for error, and in compliance with *Anders*, counsel identified two issues considered during the evaluation of the potential merits of this appeal: (1) whether the superior court followed the proper procedures when it denied appellant's section 1172.6 petition after an evidentiary hearing; and (2) whether there was sufficient evidence to support the trial court's findings.

We notified Davis of his right to file his own brief on appeal.  He responded by filing a two-page hand-written letter (supplemental brief).

DISCUSSION

Davis's supplemental brief offers two arguments.  He claims:  (1) the court should have taken his youth into account when considering whether he acted with reckless indifference to human life; and (2) there was insufficient evidence to support the court's conclusion he aided and abetted the murder because he did not intend to kill the victim.[4]

Resentencing relief under section 1176.2 is unavailable if the defendant was the actual killer, a direct aider and abettor, or "was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (§ 189, subds. (e)(1)-(3);

---

[3]  Appellate counsel argues the more limited procedures prescribed in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) do not apply because, unlike *Delgadillo,* the superior court in this case denied the petition after issuing an order to show cause.  (*Id.* at p. 228.)  Because the superior court conducted an evidentiary hearing at which it heard testimony and considered the record of the underlying trial court proceedings, we exercise our discretion to conduct an independent review of the record in this case. (*Id.* at p. 232.)  We need not weigh in on counsel's broader due process arguments.

[4]  Davis also indicates he would "like to file" other postconviction motions. We express no opinion on whether he is entitled to any other postconviction relief.

§ 1172.6, subd. (a).) "Under section 1172.6, subdivision (d)(3), the superior court acts as an independent fact finder and determines whether the People have met their burden in proving the defendant guilty of murder under the revised felony-murder law." (*People v. Saibu* (2022) 81 Cal.App.5th 709, 737.) As we discuss below, the court properly considered Davis's youth when determining he acted with reckless indifference to human life, and its conclusions that Davis acted with reckless disregard for human life and was a direct aider and abettor of the murder are supported by substantial evidence.

1.    *Reckless indifference to human life*

When the Legislature amended section 189 to incorporate a defendant who was a major participant and acted with reckless indifference to human life within the resentencing framework, "it codified the understanding of th[e] requirements elucidated in [*People v. Banks* (2015) 61 Cal.4th 788 (*Banks*)] and [*People v. Clark* (2016) 63 Cal.4th 522 (*Clark*)]." (*People v. Strong* (2022) 13 Cal.5th 698, 710.) However, "'[n]o one of these considerations is necessary, nor is any one of them necessarily sufficient.'" (*Clark,* at p. 618, quoting *Banks*, at p. 803.) "Since *Clark*, courts have discerned an additional factor that may be relevant to the reckless indifference analysis—the defendant's youth." (*People v. Keel* (2022) 84 Cal.App.5th 546, 558.)

After meticulously reviewing its analysis of the *Banks* and *Clark* factors (see *Banks, supra*, 61 Cal.4th at p. 803; *Clark, supra*, 63 Cal.4th at p. 615), the superior court in this case concluded the evidence established, beyond a reasonable doubt, that Davis was a major participant in the robbery and acted with reckless indifference to human life. Contrary to Davis's contention, the court did, indeed, consider his youth in its reckless

indifference analysis. In addition to hearing Dr. Elizabeth Cauffman's testimony and viewing her power point slides concerning adolescent brain development and the associated difficulties with impulse control and cognition, the court specifically addressed Davis's age and his level of maturity and awareness. It took care to explain why it believed Davis was "not intellectually disabled." In the court's view, he was "not unduly pressured . . . [into] making a snap decision."

Davis cites to *People v. Ramirez* (2021) 71 Cal.App.5th 970, in which the Court of Appeal reversed the trial court's order denying a petition for resentencing, in part, because petitioner's "youth at the time of the shooting greatly diminishe[d] any inference he acted with reckless disregard for human life." (*Id.* at p. 990.) The appellate court noted that Ramirez, who was only 15 years old, "may well have lacked the experience and maturity to appreciate the risk that the attempted carjacking would escalate into a shooting and death, and he was more susceptible to pressure from his fellow gang members to participate in the carjacking." (*Id.* at p. 975.) Ramirez was not aware that the shooter had a "propensity for violence" (*id.* at p. 988); the shooting occurred quickly without Ramirez having a meaningful opportunity to intervene (*id.* at p. 989); and there was no evidence Ramirez had an opportunity to help the victim after he was shot, or that he knew the victim was wounded by the gunfire (*ibid.*).

Unlike Ramirez, Davis was 19 years old at the time of the murder, and the court could reasonably infer he did have the experience and the maturity to appreciate the risk of death. He was uniquely aware of the significant possibility of violence after learning that Jones had previously "off'd [a] guy" and intended to murder Van Fleet, yet he voluntarily accompanied Jones to Van Fleet's house. During the almost four hours between their arrival and

6

the shooting, Davis did nothing to intervene or interfere with Van Fleet's expressed intention.

## 2. Direct aiding and abetting

After finding defendant ineligible for resentencing relief because he was a major participant in the robbery who acted with reckless indifference to human life, the court went on to conclude, as an alternative basis for the denial of defendant's motion, that Davis directly aided and abetted the murder of Van Fleet. Without citation to legal authority, Davis argues there was insufficient evidence to support the court's finding because he did not intend to kill Van Fleet. He asserts he did not threaten Van Fleet, trap him, "render[ ] him prone, or otherwise maneuver[ ] him into a position of vulnerability" and suggests he lacked the requisite malice based on the fact that he "declined" when Jones attempted to hand him a gun to kill Van Fleet."

Substantial evidence fully supports the trial court's conclusion that Davis was a direct aider and abettor of the murder who harbored the necessary mental state (mens rea). "The mens rea, which must be personally harbored by the direct aider and abettor, is knowledge that the perpetrator intended to commit *the act*, intent to aid the perpetrator in the commission of *the act*, knowledge that *the act* is dangerous to human life, and acting in conscious disregard for human life." (*People v. Powell* (2021) 63 Cal.App.5th 689, 713; see also *People v. Superior Court (Valenzuela)* (2021) 73 Cal.App.5th 485, 501.) Davis's argument is based on a selective presentation of the facts.

The court recognized that although Davis "declined" to act as the shooter, Davis returned the loaded firearm to Jones knowing that he planned to kill Van Fleet. Forensic pathologist Dr. Steven Trenkle testified he did not expect a wound like Van Fleet's would be immediately fatal and could be

7

survivable with medical treatment.  After coming into Van Fleet's room immediately after hearing the shot, Davis heard Van Fleet snoring but did not render any assistance to the victim.  Instead, he proceeded to assist Jones in wrapping Van Fleet up in bedding and placing him in a trash can.  The court reasonably inferred that Van Fleet was still alive when Davis assisted Jones and that his actions "seal[ed] the fate of Van Fleet."  (See *People v. Sinclair* (1974) 36 Cal.App.3d 891, 898–899 [reasonable inferences may be drawn from circumstantial evidence].)  Even if the circumstances might also be reasonably reconciled with a contrary finding, there is no basis for reversal.  (See *People v. Rodriguez* (1999) 20 Cal.4th 1, 11).

3.    *Independent review of the record*

Our review of the record as mandated by *Wende* and *Anders*, including the considerations noted by appellate counsel, has not disclosed any reasonably arguable appellate issues.  The superior court followed the proper procedures, and its order denying defendant's 1172.6 petition after the evidentiary hearing is supported by substantial evidence.

Competent counsel represented Davis on this appeal.

## DISPOSITION

The order denying Davis's petition for resentencing under section 1172.6 is affirmed.

DATO, Acting P. J.

WE CONCUR:

DO, J.

RUBIN, J.